IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW JOHNSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 03-CV-060-JHP-SAJ |
| WARDEN LYLES; and RON WARD, | ) ) ) |
| Respondents. | ) ) |

## OPINION AND ORDER

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 4), and has provided the state court records (Dkt. #s 4 and 5) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

Petitioner Matthew Johnson and his co-defendants, Robert Benson, Karen Johnson, and Megan Mitchell, formulated a plan to obtain money by robbing a group of Hispanic men. The plan required the two women to set up the robbery and the two men would then rob the men of their wallets by threatening them with a .22 caliber rifle and a knife. On September 25, 1999, the two women complied with the directions given by Petitioner and Benson. They went to a neighboring apartment complex known to be a Hispanic community. They talked with a group of Hispanic men and gained their confidence as well as access to their apartment. Pursuant to the plan, Mitchell got the men to gather in the living room of the apartment. Then, Petitioner, armed with a knife, and Benson, armed with the .22 caliber rifle, pushed their way into the apartment and demanded the

men's wallets. During the course of the robbery, Benson shot and killed one of the men, Fabian Venancio. The robbery netted wallets belonging to six (6) men and containing a total of $263.00.

As a result of these events, Petitioner was arrested and charged with First Degree Felony Murder (Count 1) and six (6) counts of Robbery With a Firearm (Counts 2-7), in Tulsa County District Court, Case No. CF-99-4951. On September 20, 2000, Petitioner was found by a jury to be guilty of all counts. Petitioner filed a motion for a new trial. On November 8, 2000, the trial court held a hearing on the motion for a new trial, denied the motion, and sentenced Petitioner in accordance with the jury's recommendation to life imprisonment on Count 1, and to twenty (20) years imprisonment on each of Counts 2-7. The sentences were ordered to be served consecutively. Petitioner was represented at trial by attorney Julia O'Connell.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Barry L. Derryberry. In his brief-in-chief, he raised four (4) propositions of error as follows:

> Proposition 1: The trial court committed reversible error by failing to suppress evidence resulting from the illegal arrest of the defendant outside the Tulsa Police Department's jurisdiction.
> A.   The Oklahoma Legislature has not authorized municipal police officers to be deputized as U.S. Marshals
> B.   Officer Ward's action was not permitted by a valid mutual law enforcement assistance agreement
> C.   A cross-deputation between the U.S. Marshal's Service and the City of Tulsa Police Department would violate the dual office prohibition within the Oklahoma Constitution
> D.   As a Deputy U.S. Marshal, officer Ward had no jurisdiction to make an arrest for a state offense
> E.   The raid was executed under color of law and without notice of the cause of the arrest, which foreclose any claim that the police conduct was authorized by the citizen's arrest doctrine
> F.   Conclusion.
>
> Proposition 2: The State's failure to disclose a pending felony charge against its key

>       eyewitness and the delay of prosecution of that charge for the purpose of awaiting the witness' testimony, in the face of a specific discovery request, is error.
>
> Proposition 3:   The defendant's receipt of seven consecutive sentences, while the real killer received all but two sentences concurrently, is excessive punishment.
>
> Proposition 4:   An instruction telling the jury it must acquit the defendant of First Degree Murder before considering Second Degree Murder, reinforced by the prosecutor in closing argument, is reversible error for Count 1.

(Dkt. # 4, Ex. A). In an unpublished summary opinion, filed July 2, 2002, in Case No. F-2000-1492, see Dkt. # 4, Ex. D, the OCCA rejected each proposition of error and affirmed the Judgment and Sentence of the trial court.

Petitioner filed the instant habeas corpus petition on January 15, 2003 (Dkt. # 1). In his petition, Petitioner raises claims mirroring those he raised on direct appeal. In response to the petition, Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claims based on the holding of Stone v. Powell, 428 U.S. 465 (1976). Respondent also asserts that the remaining claims are not cognizable on federal habeas corpus review or that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 4.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

### 1. *Legality of arrest*

As his first ground of error, Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an arrest without jurisdiction. Petitioner contends, as he did on direct appeal, that the evidence should have been suppressed based on violations of the Fourth Amendment. See Dkt. # 1. On direct appeal, the OCCA rejected Petitioner's claim that the trial court erred in failing to suppress evidence resulting from the illegal arrest of the defendant outside

the Tulsa Police Department's jurisdiction, finding as follows:

> . . . Tulsa County Sheriff's deputies actively participated in the search for the suspect's auto and actively participated in surrounding the motel. They were present at all relevant times. Title 21 O.S.Supp.1997, § 99a specifically provides in (A)(4) for an instance such as this. Clearly, the City of Tulsa law officers had investigatory jurisdiction and the Tulsa County deputies had territorial jurisdiction. Furthermore, the exclusionary rule should only be applied to protect constitutional rights. In the instant case, probable cause was obtained legally, at the Tulsa police department when the accomplice's statement was taken. Under the Fourth Amendment to the U.S. Constitution, Appellant was then properly subject to arrest.

See Dkt. # 4, Ex. D (footnote omitted).

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for a hearing on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim based on his allegation that law enforcement officers lacked jurisdiction resulting in his illegal arrest. Petitioner's attorney filed a written motion to suppress prior to trial. See Dkt. # 4, Ex. E. The trial court held an extensive hearing on the motion. At the hearing, the trial court heard the parties' arguments, considered the evidence presented, and denied the motion. See Dkt. # 5, Tr. Mot. Hr'g, held September 11-13, 2000, at 239. As indicated above, Petitioner also raised the Fourth Amendment claim on direct appeal (see Dkt. # 4, Ex. A). However, the OCCA rejected the claim. (Dkt. # 4, Ex. D).

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims based on the legality of his arrest in the state courts. As a result, this Court is precluded from considering that Fourth Amendment issues raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Therefore, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

### 2. *State's failure to disclose a pending felony charge against a co-defendant*

As ground 2, Petitioner alleges that he was denied a fair trial by the trial court's denial of his motion for a mistrial after the State failed to disclose in a timely manner the existence of a felony charge of Assault and Battery pending against his co-defendant, Megan Mitchell. In the order affirming Petitioner's convictions and sentences, the OCCA rejected this claim as follows:

> we cannot conclude that had the defendant had this additional pending charge available for impeachment that there is any reasonable probability that the trial result would have been different. Because Appellant's confession was admitted into evidence, the State's failure to disclose was harmless. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The State's gross negligence in failure to disclose the information would have required a different result in a closer case.

(Dkt. # 4, Ex. D).

In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the government to disclose to the defense evidence which is exculpatory and material to either guilt or punishment. Id. at 87. The rule covers impeachment, as well as exculpatory, evidence. See Giglio

6

v. United States, 405 U.S. 150, 154 (1972); Snow v. Sirmons, 474 F.3d 693, 711 (10th Cir. 2007). The standard to apply in evaluating whether the government's failure to produce documents pursuant to Brady warrants overturning petitioners' convictions is well-established. Evidence is considered material, and relief is therefore appropriate, if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985); see also Strickland v. Washington, 466 U.S. 668, 694 (1985); Snow, 474 F.3d at 711; United States v. Alexander, 789 F.2d 1046, 1050 (4th Cir. 1986) ("[a] failure to demonstrate a possible effect on the trial outcome makes the government's failure to produce evidence harmless"). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 435-36 (1995). Satisfying the elements noted above automatically entitles the movant to habeas relief; there is no need for further harmless-error review on this type of claim. Once there has been Bagley error, it cannot subsequently be found harmless under Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). Id. at 435-36.

In this case, the Court has evaluated the materiality of the withheld evidence in light of the entire record in order to determine if the omitted evidence creates a reasonable doubt that did not otherwise exist. The Court finds Petitioner has failed to demonstrate the existence of a reasonable probability that the State's failure to produce timely the evidence of the pending felony charge against Megan Mitchell resulted in a verdict unworthy of confidence. Significantly, Petitioner gave a written statement to law enforcement, confessing to his participation in the robberies resulting in

the death of Fabian Venancio. The confession was read into the record through the testimony of Stephen St. Clair, the detective who conducted an interview of Petitioner following his arrest. See Dkt. # 5, Tr. Trans. Vol IV at 725-27. Thus, there was substantial evidence of Petitioner's guilt independent of the testimony of Megan Mitchell. The State's failure to disclose the existence of a felony charge pending against Megan Mitchell at the time she testified for the State does not undermine confidence in the outcome of Petitioner's trial.

In summary, upon review of the trial transcript, the Court finds that in light of the admission of Petitioner's confession, the State's failure to disclose the pending felony charge against Megan Mitchell did not result in a verdict unworthy of confidence. The Court concludes that Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on the State's failure to disclose impeachment evidence shall be denied.

### *3. Excessive Sentence*

As his third proposition of error, Petitioner complains that his "seven consecutive sentences was (sic) excessive." See Dkt. # 1. It is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). Whether the interpretation and application by the Oklahoma courts of its sentencing statutes is correct or not is a matter of state law that is not actionable in a habeas proceeding. See Bond v. State of Oklahoma, 546 F.2d 1369 (10th Cir. 1976). To obtain federal habeas corpus relief based on an excessive sentence claim, Petitioner must demonstrate that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987). The Tenth Circuit has noted that, "Generally, . . . appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute." Vasquez v. Cooper, 862 F.2d

250, 255 (10th Cir. 1988).

The OCCA rejected this claim on direct appeal, citing Rea v. State, 34 P.3d 148 (Okla. Crim. App. 2001), and finding that "the sentences are within the range of punishment prescribed by law and do not shock the conscience of the court." See Dkt. # 4, Ex. D. Petitioner does not challenge the constitutionality of Oklahoma's sentencing statutes. Although he complains that his punishment is excessive because prior to these charges, he had never been in serious trouble; he was only eighteen (18) years old at the time of the offenses; and his co-defendant Benson actually shot and killed the victim and received sentences ordered to be served concurrently, Petitioner does not contest the OCCA's finding that the punishment is "within the range prescribed by law." See Dkt. # 1.  He has also failed to demonstrate that his punishment is "wholly unauthorized by law." Haynes, 825 F.2d at 924.

Because Petitioner's sentences fall within established statutory limits and he has not demonstrated that they were unauthorized by law, Petitioner has failed to show a federal constitutional violation. Habeas relief shall be denied on this issue.

### *4. Erroneous jury instruction*

As his fourth proposition of error, Petitioner alleges that he was denied a fair trial when the trial court judge, over the objection of defense counsel, instructed the jury that it must acquit the defendant of first degree murder before considering the offense of second degree murder. See Dkt. # 1. Petitioner raised this claim on direct appeal.  The OCCA rejected the claim, stating that "Oklahoma Uniform Jury Instruction -- Criminal 10-24 is proper under *Graham v. State*, 2001 OK CR 18, 27 P.3d 1026." See Dkt. # 4, Ex. D.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in

federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

The OCCA determined that the challenged instruction given to Petitioner's jury was proper under Oklahoma law. Petitioner has failed to demonstrate that the failure to give the proposed instruction drafted by his attorney rendered his trial fundamentally unfair, or that the OCCA's determination was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1 and 2). Accordingly, Petitioner is not entitled to habeas corpus relief based on his challenge to the jury instruction.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

DATED THIS 19th day of February 2008.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma